IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD E. COLE, JR.,               )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        Civ. No. 25-731-CFC
                                   )
VIA PATH/GTL, *et al.*,            )
                                   )
            Defendants.            )

## MEMORANDUM ORDER

Plaintiff Donald E. Cole, Jr., who is currently housed at James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, after being sentenced for a state criminal conviction, filed a complaint *pro se* and moved for leave to proceed *in forma pauperis*. (D.I. 1, 4.) This Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 6.)

Accordingly, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether the complaint, liberally

construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, on or about October 18, 2023, at JTVCC, Defendants Via Path/GTL (ViaPath), Delaware Department of Correction (DDOC) Commissioner Tara Taylor, Delaware Bureau of Prisons (DBOP) Chief Robert May, JTVCC Warden Brian Emig, Lieutenant Parson (first name unknown), and the Consumer Financial Protection Bureau (CFPB) violated Plaintiff's First, Fifth, and Fourteenth Amendment rights and the Sherman Antitrust Act. (D.I. 1 at 4-7.)

Defendant ViaPath is a telecommunications services provider at JTVCC, which charges inmates by the minute for use of service. (*Id.* at 7.) Plaintiff believes that Defendant ViaPath is over-charging inmates because "when [he] log[s]on to the tablet, [he]'ll be on there for 20 seconds and [he is] charged the full 3¢ or 5¢," which are the promotional and standard per-minute rates for use of service, respectively. (*Id.*) Additionally, Plaintiff does not think it is fair that Defendant ViaPath charges inmates for dropped calls and photo-messages that fail to send, or that his family "is being charged to send [him] messages and then [he is] being charged to read [the] same messages." (*Id.* at 8.) Plaintiff has complained to all other parties named as Defendants about ViaPath's services, but nothing has been done. (*See id.* at 7-8.)

2

Based on the foregoing, Plaintiff seeks "punitive and compensatory damages against all Defendants involved" and "any other relief that the Court deems necessary." (*Id.* at 10.) Plaintiff "would also like for this to be a Class Action." (*Id.*) Additionally, Plaintiff "would like the Court to punish ViaPath and DDOC for [b]reach of [c]ontract. [Plaintiff] would also like to enter into [his] own contract with ViaPath that [he] can negotiate for [himself] and [his] family." (*Id.*)

Upon review, the Court finds that the complaint fails to state a claim on which relief may be granted, warranting dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's § 1983 claims fail, first, because they are based on the conduct of a private actor, and second, because the conduct alleged does not violate any constitutional right. Plaintiff's antitrust claims fail because the complaint does not allege any facts that would suggest a basis for a private claim under the Sherman Antitrust Act. The Court declines to exercise supplemental jurisdiction to reach any claims arising from Delaware state law, including any breach of contract claims. This case will be closed because amending the complaint would be futile.

"To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*,

399 F.3d 279, 281 (3d Cir. 2005). Courts reviewing *pro se* prisoner civil suits alleging that Defendant ViaPath charges excessively high rates have consistently found that Defendant ViaPath is a private actor not acting under color of law. *See Cullen v. Hyatte*, 2025 WL 816632, at *3 (N.D. Ind. Mar. 14, 2025) (collecting cases). The state actors named as Defendants in this case are not alleged to have caused the service-related injuries at issue; here, Defendant ViaPath is alleged to have provided unsatisfactory services, and the state actor Defendants are alleged to have not responded to Plaintiff's complaints regarding these services. It is well settled that involvement in the post-incident grievance process alone does not give rise to § 1983 liability. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance").

Additionally, in the context of confinement, "temporary inconveniences and discomforts incident thereto cannot be regarded as a basis for judicial relief" in a § 1983 suit. *Ford v. Bd. of Managers of New Jersey State Prison*, 407 F.2d 937, 940 (3d Cir. 1969). As such, Defendant ViaPath's alleged practices of charging the full-minute-rate for each partial minute used, charging both inmates and their family members for access to the same messages, and charging for failed calls and messages

4

do not suggest any violation of a constitutional right; nor does Plaintiff's present inability to negotiate his own contract for telecommunication services. *Cf. Atkinson v. Cradduck*, 2015 WL 1138725, at *2 (W.D. Ark. Mar. 13, 2015) (collecting cases finding prisoners have no constitutionally protected interest in vendor pricing, operation without competition, or even price gouging).

Next, the complaint does not even attempt to plead the bare elements of Plaintiff's antitrust claims. Even if the complaint had provided such recitations, that too would be insufficient to state claims for relief. *See Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (explaining that courts must "disregard threadbare recitals of the elements of a cause of action"). Moreover, the complaint fails to allege any facts that would suggest a basis for a private claim under the Sherman Antitrust Act.

Last, to the extent that the complaint raises a Delaware state law-based breach of contract claim, or any other state law claim, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

NOW THEREFORE, at Wilmington on this Nineteenth day of August in 2025, it is HEREBY ORDERED:

1.    The complaint (D.I. 1) is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.    Plaintiff's federal claims are dismissed with prejudice.

3.    Plaintiff's state claims are dismissed without prejudice.

4.    The Clerk of Court is directed to **CLOSE** this case.

_____
Chief Judge

6